## T. H. DAVIES *et al. vs.* H. HACKFELD & CO.

### TROVER.   BEFORE JUDD, J.

### MAY, 1876.

The introduction in evidence, by plaintiffs, of an unrecorded contemporaneous memorandum, contradicting a recorded lease on which defendants relied, held to be a surprise, and a new trial ordered.

### DECISION OF JUDD, J., ON MOTION FOR NEW TRIAL.

The following is the affidavit in support of the motion: "Edward Furstenau, of Honolulu, Hawaiian Islands, being duly sworn, deposes and says that he is a member of the firm of H. Hackfeld & Co., the defendants in the above entitled cause; that said defendants at the trial of said cause were surprised by the introduction in evidence by the plaintiffs of a certain unrecorded memorandum contradicting a certain recorded release on which the defendants relied and were advised to rely as a defense, of which memorandum they had no prior knowledge."

That the said defendants were further surprised by the plaintiff's evidence that the date of the alleged auction sale was not the same with the date of their assignment of the mortgage therein filed; and that the fact is that the defendants can show that said sale and assignment were upon the same day, to wit, on the 18th of September. That in consequence of the said surprise, the defendants relying on the defence of said release, were not prepared at said trial to show what is the fact, that

they had entered into possession of said Chung Hoon's plantation and other property on his said plantation, by his consent and on his abandonment thereof, at a date several days prior to the said 18th of September, and that the said property in dispute was their own property placed by themselves on said plantation.

All of which evidence was not produced by the defendants at the trial by reason of their surprise as aforesaid, in connection with the long lapse of time since the case was brought.

### BY THE COURT.

The defendants had a right to rely upon the recorded bill of sale and assignment, under the defense of showing a paramount title in a stranger. The contemporaneous memorandum introduced by the plaintiffs to contradict the assignment not being recorded, might well surprise the defendants and their counsel, considering the long time that has elapsed since this cause was commenced, and considering the change of counsel for the defendants, consequent upon the re-organization of this Court in 1874.

The defendants may or may not be able to make good the new defense now suggested, that is, of title in themselves, not under the mortgage, but as agents or factors of the plaintiffs' bankrupt. The Court is not called upon to weigh the effect of the new evidence offered, precisely as a jury would weigh it, but to see if under all the circumstances of the case, a new trial would be just and proper. It seems to me that the interests of justice require that the defendants have the opportunity to offer a defense which would not have been necessary if the "memorandum" above referred to had not been produced.

A new trial is ordered, costs to abide the result.

*E. Preston,* for plaintiff.

*A. S. Hartwell,* for defendant.

Honolulu, May 18th, 1876.